UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ENZO BIOCHEM, INC. ET AL.,  :
    Plaintiffs,  :
                                          :   No. 3:04cv929 (JBA)
v.  :
                                          :
APPLERA CORP. ET AL.,  :
    Defendants.  :

## RULING ON DEFENDANTS' MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER [DOC. # 186]

On June 7, 2004, plaintiffs Enzo Biochem, Inc., Enzo Life Sciences, Inc., and Yale University (collectively "Enzo") brought this suit for patent infringement against defendants Applera Corp. and Tropix, Inc. (collectively "Applera"). Defendants' Answer and Counterclaims [Doc. # 13] were filed on July 29, 2004, and plaintiffs' Reply [Doc. # 17] was filed August 23, 2004.

Pursuant to Fed. R. Civ. P. 15(a), defendants now move for leave to file an amended answer that adds two affirmative defenses (patent misuse and unclean hands), an additional paragraph on patent misuse under Counterclaim One, and, as part of the relief sought, a declaratory judgment that the Ward Patents are unenforceable [Doc. # 186]. For the reasons that follow, defendants' Motion is DENIED.

## I. Relevant Procedural Background

Plaintiffs bring 12 counts of infringement which defendants deny and in response assert four affirmative defenses: failure to

1

state a claim upon which relief can be granted, invalidity, laches, and estoppel, as well as counterclaims for a declaratory judgment of non-infringement and invalidity as to three patents. Defendants have not previously sought to amend their answer.

In defendants' supplemental response dated May 17, 2005 to plaintiffs' interrogatory asking defendants to "detail all facts and identify all documents that Defendants contend support or tend to support its [sic] defenses, affirmative defenses and counterclaims," Applera stated that it was relying only on "the equitable doctrines of laches and/or equitable estoppel," and in response to another interrogatory, defendants "state[d] that they d[id] not at th[at] time allege that the Patents-in-Suit are unenforceable." (Supplem. Interrog. Responses Nos. 6, 11, Pls. Ex. 5 (under seal).) On September 30, 2005, Applera sent its proposed amended answer to plaintiffs adding the affirmative defenses of "misuse" and "inequitable conduct" and demands for declaratory judgments as to the unenforceability of the Ward and Stavrianopoulos Patents (Defs. Ex. 4), seeking but not obtaining plaintiffs' consent.

Several months later, in a Mediation Statement dated February 6, 2006, defendants described their position on "Unclean Hands" (Pls. Ex. 2 (under seal)), which they substantially repeated in their "Supplemental Response to Plaintiff's

2

Interrogatory No. 6," dated March 6, 2007 (Pls. Ex. 3 (under seal)). On December 21, 2006, defendants sent plaintiffs a second proposed amended answer that is identical to the one defendants now seek leave to file. (Defs. Ex. 10.) The parties dispute when plaintiffs refused to consent to this second proposed pleading: after a telephonic conference between the parties on February 20, 2007, defendants memorialized by letter to plaintiffs that although plaintiffs had "explained that Enzo [would] not consent to the filing of the Amended Answer [dated December 21, 2006], and that [Enzo] previously communicated this to [defendants' counsel] Peter Sandel," "Mr. Sandel has no recollection of that conversation." (Defs. Ex. 11.) In response, plaintiffs' counsel wrote on February 21, 2007: "My recollection is in each instance when which [sic] Applera has requested to Amend the Answer or Counterclaim, Plaintiffs have made clear that it [sic] would not consent to any such proposed Amendment, particularly at this late stage in discovery." (Defs. Ex. 2.)

In the parties' joint motion for pre-filing conference [Doc. # 163], defendants "advise[d] the Court that [they would] shortly file a motion under Rule 15 of the Federal Rules of Civil Procedure seeking leave to amend [the] Answer." When this topic was discussed at the conference on February 27, 2007, plaintiffs

3

stated their opposition, and the Court set down a schedule for briefing.

**II. Standard**

Under Fed. R. Civ. P. 15(a), "a party may amend [its] pleading . . . by leave of court . . . and leave shall be freely given when justice so requires."  "[I]t is within the sound discretion of the district court to grant or deny leave to amend. . . . A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  McCarthy v. Dun & Bradstreet Corp., No. 05-3828-cv, 2007 U.S. App. LEXIS 7323, 40-41 (2d Cir. Apr. 4, 2007).  In the Second Circuit, "[t]he rule . . . has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith. . . . However, 'the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.'"  Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

**III. Discussion**

Defendants seek to add the following paragraphs to their Answer:

> 106. Plaintiffs' claims of infringement of the Ward Patents are barred, inter alia, by the doctrine of patent misuse.

> 107. Plaintiffs' claims of infringement of the Ward Patents are barred, <u>inter alia</u>, by the equitable doctrine of unclean hands.
>
> . . .
>
> 124. The Ward Patents are unenforceable due to patent misuse.
>
> . . .
>
> (WHEREFORE, Applera and Tropix respectfully request a judgment against Enzo Biochem, Enzo Life Sciences, and Yale as follows: . . . )
>
> I. that the Court enter a declaratory judgment that each of the Ward Patents is unenforceable.

(Proposed Am. Ans., Defs. Ex. 1, at 12, 14, 17.)

### A. Undue Delay

While acknowledging that their Motion for Leave to Amend was filed more than two and a half years after their original Answer, defendants contend that this delay is not prejudicial and resulted from plaintiffs' tardiness in complying with discovery demands. Defendants also maintain that they only had enough information to add the proposed affirmative defenses after the January 2007 depositions of Rule 30 witnesses Dean Engelhardt and Ronald Fedus and the February 2007 deposition of Elazar Rabbani. Plaintiffs argue that the delay is inexcusable because defendants represented as early as August 2004 their intention to take discovery on patent misuse and had framed their unclean hands argument by February 2006, and that at the very latest, defendants could have sought leave to amend by mid-January 2007.

With respect to the patent misuse defense, plaintiffs also assert that as of 1995 defendants were aware of the types of business agreements Enzo had with Yale and other entities.

"Where considerable time has elapsed between the filing of the complaint and the motion to amend, the moving party has the burden to provide a satisfactory explanation for the delay." Messier v. Southbury Training Sch., No. 3:94-CV-1706 (EBB), 1999 U.S. Dist. Lexis 6992, at *8 (D. Conn. Jan. 5, 1999) (citing Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 46-48 (2d Cir. 1983)). In the Second Circuit, "[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Block, 988 F.2d at 350.

During negotiations in March 1995, prior to the commencement of this suit, Enzo sent Applera a copy of its standard draft distributorship agreement routinely used by Enzo to form business relationships with other companies. (Pls. Ex. 6 at 10; Pls. Ex. 8 (both under seal).) Between the filing of the original Answer in July 2004 and this Motion for Leave to Amend, filed March 6, 2007, substantial discovery was undertaken by both parties. In interrogatories dated March 29, 2006, Applera asked plaintiffs to "[i]dentify each distribution or distributorship agreement entered into by Enzo with respect to any product Plaintiffs

6

contend is covered by any of the Patents in Suit" (Interrog. 25, Defs. Ex. 8), but did not receive a response until November 2006 (Defs. Mem. at 8). In Summer 2005 the deposition transcripts of Rabbani and Fedus from the related New York action, <u>Enzo Biochem, Inc. v. Amersham PLC</u>, 02 Civ. 8448 (JES), were produced to defendants (July 15, 2005 & Aug. 17, 2005 Ltrs., Pls. Ex. 1), but despite defendants' attempt to depose these individuals in February 2006 (Dep. notices, Defs. Ex. 5), plaintiffs failed to notify defendants that they represented Fedus and Rabbani until October 2006 (Oct. 20, 2006 letter, Defs. Ex. 7), and defendants did not have the opportunity to depose Engelhardt, Rabbani, and Fedus until January/February 2007.

There is no real dispute that the two-and-a-half-year gap between the filing of the Answer and defendants' Motion for Leave to Amend constitutes a substantial delay. Moreover, defendants' contention that the recent depositions of Engelhardt, Fedus, and Rabbani--which plaintiffs appear to have delayed--provided the facts required to support the proposed additional defenses does not raise a question of material fact about undue delay given that defendants outlined their unclean hands and patent misuse defenses in their first proposed amended answer (September 2005)

and stated the predicate facts of the unclean hands defense[1] in their February 2006 Mediation Statement. The Court's finding of undue delay, however, is insufficient to deny defendants leave to amend, and thus the related factor of undue prejudice must be considered.

**B. Undue Prejudice**

Defendants argue that plaintiffs would not be prejudiced by the additional defenses because the only possible discovery needed--deposition of an Applera Rule 30(b)(6) expert--could be accomplished easily and without affecting the trial schedule. According to Enzo, should the Court grant defendants leave to amend, plaintiffs would be deprived of taking discovery on these defenses (particularly deposition of experts) and of the opportunity to move for summary judgment on them, as all summary judgment motions were due on March 5, 2007, one day prior to the filing of the instant Motion to Amend.

Factors relevant to assessing undue prejudice include "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct

---

[1] The factual allegations grounding both proposed affirmative defenses overlap considerably, as "[p]atent misuse is derived from the unclean hands doctrine," Advanced Magnetic Closures, Inc. v. Rome Fastener Corp., No. 98 Civ. 7766 (PAC), 2006 U.S. Dist. Lexis 83823 (citing C.R. Bard, Inc. v. M3 Sys., Inc., 157 F.3d 1340, 1372 (Fed. Cir. 1998)).

8

discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute." Gillette Co. v. Philips Oral Healthcare, Inc., No. 99 Civ. 0807 (LAP)(DF), 2001 U.S. Dist. LEXIS 18624, at *48 (S.D.N.Y. Nov. 15, 2001) (citing Block, 988 F.2d at 350; Krumme v. WestPoint Stevens Inc., 143 F.3d 71, 88 (2d Cir. 1998)) (internal quotation marks omitted). Amendment is "especially prejudicial . . . [when] discovery has already been completed and [the non-movant] has already filed a motion for summary judgment." Id.; see also Zahra v. Town of Southold, 48 F.3d 674, 686 (2d Cir. 1995) (affirming denial of a motion to amend a complaint filed two and one-half years after the commencement of the action and three months prior to trial); Ansam Assocs., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985) (affirming denial of a motion to amend when discovery had been completed and the non-movant had already filed a motion for summary judgment). Undue prejudice may be found where trial would be delayed as a result of amendment. See McCulloch v. Hartford Life & Accident Co., No. 3:01cv1115 (AHN), 2006 U.S. Dist. Lexis 18446, at *14-15 (D. Conn. Apr. 11, 2006) (denying leave to amend a counterclaim because the Court would then have to allow the non-movant to move for partial summary judgment on the additional counterclaim, "impermissibly delay[ing]" the scheduled trial).

While plaintiffs had notice in February 2006 that defendants were contemplating the unclean hands defense and the subject matter of the proposed amendments was part of discovery, which closed January 9, 2007, Applera did not seek to add these defenses until one day after summary judgment motions were filed, despite having conceptualized the need for amendment as early as September 2005 and having sufficient information to articulate the unclean hands defense by February 2006. Even the final and definitive trial date of September 2007 was issued before defendants sought leave to amend their Answer (Order [Doc. # 166]). The gap of 31 months between the original Answer and defendants' instant Motion serves as something of a proxy for prejudice and thus reduces plaintiffs' burden of showing undue prejudice, Block, 988 F.2d at 350 ("'[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.'"). Given the final trial schedule in place in this three-year-old case[2] and the pendency of four complex summary judgment motions that must be

---

[2] At oral argument on General Electric's Motion to Disqualify [Doc. # 121], the Court approved "internal[] reorganiz[ation]" of expert report disclosures and depositions "so long as I don't hear upon the filing of a summary judgment motion, . . . that more discovery needs to take place," and provided that the deadline on dispositive motions and trial would not be affected. (Tr., Pls. Ex. 7, at 7-9.)

10

ruled on before trial, there is little time to conduct further discovery, and no time available for plaintiffs to test these defenses by summary judgment motion. This prejudice is sufficient grounds to deny defendants' Motion.

**C.    Futility of Amendment**

As an alternative argument in opposition to defendants' Motion, Enzo maintains that the affirmative defenses set out in the proposed amended Answer fail to meet the pleading requirements of Fed. R. Civ. P. 8(a) and are thus futile. See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."). Defendants explain their lack of detail supporting their briefing in support of their proposed amendment as: "the only reason that Applera did not provide substantial factual detail in its opening brief as to the bases for its defenses is that Plaintiffs have designated all of such supporting material, which is exclusively within their control, as confidential under the protective order in this case." (Defs. Reply at 5.) The Court is aware that due to the confidential nature of these issues, plaintiffs believed it necessary to file under seal an unredacted form of their opposition memorandum and six of their nine exhibits. However, defendants, like

11

plaintiffs, were free to seek leave of the Court to file such documents under seal pursuant to D. Conn. L.R. 5. In any case, having based its denial of defendants' Motion on grounds of undue prejudice, the Court finds it unnecessary to further consider plaintiffs' futility argument.

**IV. Conclusion**

For the foregoing reasons, defendants' Motion for Leave to File First Amended Answer [Doc. # 186] is DENIED.

                                    IT IS SO ORDERED.

                                    /s/

                                  JANET BOND ARTERTON, U.S.D.J.

**Dated at New Haven, Connecticut, this 3rd day of August, 2007.**