UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Enzo Biochem, Inc., Enzo Life Sciences, Inc., and Yale University,<br>  *Plaintiffs*,<br><br>   *v.*<br><br>Applera Corp. and Tropix Inc.,<br>  *Defendants*. | Civil No. 3:04cv929 (JBA)<br><br><br><br><br>November 24, 2008 |

**RULING ON PLAINTIFFS' MOTION FOR
ENTRY OF FINAL JUDGMENT [Doc. # 274]**

On September 6, 2007, the Court granted Defendants' Motion for Summary Judgment of Invalidity [Doc. # 261] ("Ruling on Summary Judgment of Invalidity") on all of Plaintiffs' claims asserted under U.S. Patent Nos. 5,449,767 (the "'767 Patent"), 5,328,824 (the "'824 Patent") and 5,476,928 (the "'928 Patent"). As the Court noted, Plaintiffs relinquished their infringement claims on U.S. Patent No. 4,711,955 (the "'955 Patent") (*see* Ruling on Summary Judgment of Invalidity, slip op. at 1 n.1.), and therefore Counts 7 and 8 were no longer before the Court and no decision was rendered on them. In its Ruling on Summary Judgment of Invalidity the Court additionally directed that the case be closed (*id.* at 49), and on September 10, 2007 judgment was entered for all Defendants, and the case was closed. (Judgment [Doc. # 263].) At that time, the Clerk of Court terminated all remaining pending motions, including motions for summary judgment filed by both Plaintiffs and Defendants [Docs. ## 168 & 176].

Plaintiffs now move for entry of a "final judgment," asserting that the Judgment

entered was not final "because it did not dispose of all claims asserted by the parties." (Pls.' Mot. Entry Final J. [Doc. # 274] ("Pls.' Mot.").) As grounds, Plaintiffs declare that the stipulation they proffer—stipulating that they will not sue Defendants for infringement of the '955 Patent (*see* Pls.' Mot. Ex. A (proffered stipulation))—will resolve all issues remaining in this case, and they seek entry of a "final judgment" dismissing with prejudice the associated Counts 7 and 8 (*see* Pls.' Mot. Ex. B (proposed order)). They also seek dismissal of Defendants' counterclaims for declaratory judgment of non-infringement as to the '767, '824 and '928 Patents in light of the invalidity determinations because there can no longer be any "adverse legal interest" regarding their infringement. (Pls.' Mem. Supp. Mot. Entry Final J. [Doc. # 273] ("Pls.' Mem. Supp.") at 2.)

Plaintiffs maintain that these steps are necessary to effectuate a final judgment for appeal to the Federal Circuit. (*Id.*) Defendants maintain that the September 10, 2007 Judgment was a final judgment. (Defs.' Mem. Opp'n Pls.' Mot. Entry Final J. [Doc. # 277] ("Defs.' Mem. Opp'n") at 2.) While Plaintiffs initially then filed their appeal with the Federal Circuit, they later moved to dismiss their own appeal for lack of jurisdiction. (Pls.' Mem. Supp. at 2.) The Federal Circuit granted Plaintiffs' motion on consent, with Defendants maintaining their position that the judgment was already a final judgment. (*See* Defs.' Mem. Opp'n at 2–3.) No determination was made by the Circuit as to the finality of this Court's Judgment, and its mandate issued January 30, 2008. (Federal Circuit Order on Motion [Doc. # 267].) Thereafter, on March 5, 2008, the Clerk for the District of Connecticut filed

the required Form AO 120, reporting the determination of this patent action as reflected by the Judgment attached thereto. (AO 120 Report [Doc. # 268].)

The question raised by Plaintiff's motion, filed May 9, 2008, boils down to whether the Judgment entered following this Court's Ruling on Summary Judgment of Invalidity was a "clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as it is concerned, is the end of the case," *Fiataruolo v. United States*, 8 F.3d 930, 937 (2d Cir. 1993), which formulation the Federal Circuit has cited approvingly, *see Pandrol USA, LP v. Airboss Railway Prods., Inc.*, 320 F.3d 1354, 1362–63 (Fed. Cir. 2003).

For the following reasons, this Court views the Judgment as manifesting precisely such finality. First, the Ruling on Summary Judgment of Invalidity found that all the patent claims on which Plaintiffs continued to press their allegations of infringement (i.e., claims as to the '767, '824 and '928 Patents) were invalid, either for indefiniteness or anticipation, or both, and thus as a matter of law could not be infringed. (*See* Ruling on Summary Judgment of Invalidity.) No further declaration of non-infringement in Defendants' counterclaim was needed in light of this invalidity determination since the outcome was dictated by the Ruling on Summary Judgment of Invalidity. Because summary judgment covered all of Plaintiffs' remaining patents in suit and necessarily concluded that there remained no genuine issue of material fact to be resolved at trial because Defendants were entitled to judgment as a matter of law, there was nothing more to be done in the case. For this reason, no pretrial or trial schedules were ordered, no other proceedings were

calendared, the case was ordered closed, and judgment was entered based on this Court's grant of "defendants' motion for summary judgment of invalidity." (*See* Judgment.) That Judgment was a final judgment; nothing more remained to be done in the case, except appellate review, if any.

Second, as to the claim under the '955 Patent, whose infringement was alleged in Counts 7 and 8, Plaintiffs effectively withdrew these counts by their representation that they were no longer pressing claims under this patent, obviating the need for any judicial determination. Thus, nothing remains of Counts 7 and 8 on which any judgment can, or need, be entered.

Accordingly, there being no basis for re-opening this case, Plaintiffs' Motion for Entry Of Final Judgment [Doc. # 274] is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 24th day of November, 2008.